# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LISA R. HENRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-01141-DGK |
| MIDFIRST BANK, et. al., | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This case involves an impending foreclosure sale. Pro se Plaintiff Lisa Henry alleges that a litany of defendants, including Defendant Midfirst Bank ("Midfirst"), violated various state and federal laws and regulations in their attempt to foreclose upon her property. Plaintiff filed a twenty-count lawsuit in the Circuit Court of Jackson County, Missouri, and then Midfirst removed to this Court, alleging jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441.

Now before the Court are numerous motions, including three motions to dismiss. Defendants Midfirst, Midland Mortgage, Vicki Peters, G. Jeffrey Records, Thad Burr, Shapiro & Weisman, L.C., S&W Foreclosures, Shapiro & Kreisman, LLC, Gerald M. Shapiro, Michael Gilgrist, and David Kreisman (collectively the "Midfirst Defendants")[1] requests the Court dismiss Plaintiff's complaint (the "Complaint") pursuant to Rule 12(b)(6) for failure to state a claim (Docs. 4, 6). Defendant Michaelson, Connor, and Boul, Inc. ("MCB") requests dismissal pursuant to Rule 12(b)(5) and 12(b)(6), arguing respectively that service of process was improper and that the Complaint fails to state a claim (Doc. 19). There are also numerous motions from Plaintiff and Midfirst regarding various discovery requests (Docs. 8-9, 11-17).

---

[1] The Court collectively refers to these defendants as the Midfirst Defendants for ease of understanding. The Court's grouping in no way insinuates that all these defendants are associated with Midfirst.

Because the Complaint fails to state a claim, the Court GRANTS the motions to dismiss (Docs. 4, 6, 19). And because the Complaint fails to state a claim against Midfirst, the Court DENIES AS MOOT all discovery-related motions asserted by and against them (Docs. 8-9, 11-17).

## Background

The Complaint contains limited facts, thus the Court adopts some contextual facts from the Midfirst Defendants' motions. Plaintiff owns property located in Kansas City, Missouri (the "Property"). In 1998, Plaintiff executed a promissory note and deed of trust on the Property. At some point in the recent past, one or more of the defendants initiated foreclosure proceedings on the Property.

On September 13, 2013, Plaintiff, proceeding pro se, filed a twenty-count complaint alleging that the defendants' foreclosure efforts violated a number of state and federal statutes and regulations. The Complaint lacks any facts suggesting the various defendants' roles in the foreclosure or how their respective actions violated the cited statutes and regulations. For instance, Count 1 alleges a putative claim for violating the Fair Debt Collections Act, 15 U.S.C. §§ 1692-1692p, stating: "Defendants are in violation of the Fair Debt Collections Act, resulting in unjust enrichment for defendants." (Doc. 1-1 at 2). Each of the remaining nineteen counts contains allegations in the exact same form. To remedy these alleged violations, Plaintiff requests an injunction to prevent foreclosure, a declaration of title in her favor, a refund of all mortgage payments, and various other forms of relief.

After filing the Complaint, Plaintiff attempted to serve all defendants via certified mail. Once Midfirst received notice of the suit, it removed the action to this Court on November 19, 2013. The Midfirst Defendants then immediately filed two motions to dismiss for failure to state a claim. Plaintiff failed to file a timely response to either motion. Instead, between December 2,

2013, and January 9, 2014, she filed numerous motions aimed at procuring discovery from Midfirst. On January 31, 2014, MCB filed its motion to dismiss for improper service and failure to state a claim. Again, Plaintiff failed to timely respond. On February 10, 2014, the Court ordered Plaintiff to respond to the three motions to dismiss by February 28, 2014, and prohibited her from filing any more discovery motions until she complied with the Court's order. Later, the Court extended the deadline to March 28, 2014, but she once again failed to respond. There still being no response to the motions to dismiss, the Court finds them ripe for review.

## Standard

A court must dismiss a complaint if it fails to state a claim on which relief can be granted. Fed R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Rather, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint ... does not need detailed factual allegations," a plaintiff must provide the grounds of his entitlement with more than mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Benton v. Merrill Lynch & Co., Inc.,* 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)). A complaint that alleges only "naked assertion[s] devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## Discussion

**I.  The Complaint fails to state a claim against the Midfirst Defendants.**

In their two motions, the Midfirst Defendants devote nearly twenty pages to discussing various bases supporting dismissal. The Court need not address all their arguments, because it finds that the Complaint is patently deficient under *Twombly*.

Even with the liberal construction afforded pro se pleadings, *see Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010), the Complaint still fails to state a claim for relief. Aside from stating that "defendants" are attempting to foreclose upon the Property, the Complaint lacks any facts to place the named defendants on notice of their alleged wrongdoing. Each and every count consists of a conclusory statement that "defendants" violated a certain statutory or regulatory provision. There is no indication what role each defendant played in the alleged wrongful foreclosure scheme or how their respective actions amount to a cognizable legal claim. As these are "naked assertions devoid of further factual enhancement," the Court cannot conclude that Plaintiff is plausibly entitled to relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court finds the Complaint fails to state a claim against the Midfirst Defendants, and they are dismissed without prejudice.

Since the Court dismisses Midfirst, all discovery-related motions filed by and against them are denied as moot. Even if the motions were not mooted, the Court would deny all motions asserted by Plaintiff because the parties have yet to hold a Rule 26(f) conference and many of the requests are completely irrelevant to the current dispute. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…."); Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)….").

**II.     The Complaint fails to state a claim against MCB.**

MCB first contends the Complaint must be dismissed because Plaintiff's service of process failed to comply with Missouri law. The Court declines to address this argument because even assuming that process was improper, the Court would ordinarily quash service and allow Plaintiff to re-serve. *See Lamb v. Bank of Am., N.A.*, No. 4:11-CV-819-CAS, 2012 WL 87146, at *2 (E.D. Mo. Jan. 11, 2012) (noting that when pro se plaintiff fails to properly serve a

4

defendant the district court would typically quash service and order the plaintiff to re-serve the defendant rather than dismiss the action without prejudice).

In any event, MCB is still entitled to the ultimate relief it requests—dismissal. MCB, like the Midfirst Defendants, contends the Complaint fails to state a claim against it. The Court agrees. As discussed previously, the Complaint is devoid of any facts, much less sufficient facts to support a plausible claim. Thus, the Court must dismiss all claims asserted against MCB.

## Conclusion

For the foregoing reasons, the Midfirst Defendants' and MCB's motions to dismiss (Docs. 4, 6, 19) are GRANTED. The dismissal of these defendants is WITHOUT PREJUDICE. If Plaintiff wishes to pursue her claims against these defendants, she must file a proposed amended complaint which complies with the federal pleadings standards within sixty (60) days. All the remaining motions (Docs. 8-9, 11-17) are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   August 11, 2014  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT